# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| JESSICA MILLER, on Behalf of Herself and on Behalf of All Others Similarly Situated | § § § § | CIVIL ACTION NO. 1:17-cv-00569 |
|       Plaintiff, | § § | |
| V. | § § | |
| RES-CARE, INC., | § § | JURY TRIAL DEMANDED |
|       Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## COLLECTIVE ACTION & JURY DEMAND

### I.      SUMMARY

1.      Plaintiff Jessica Miller (hereinafter "Plaintiff") brings this lawsuit as a collective action against Defendant Res-Care, Inc. (hereinafter "Defendant") for violating the Fair Labor Standards Act. ("FLSA.")  Plaintiff seeks to represent all similarly situated workers throughout the state who were subject to the same illegal pay practices as Plaintiff.

2.      Defendant knowingly and deliberately failed to compensate Plaintiff and Class Members for their overtime hours at the rate of one and one-half times their regular rates of pay.

3.      Plaintiff worked for Defendant as a "Nurse Care Manager."  Like the rest of Defendant' Nurse Care Managers and all other employees in substantially similar positions (collectively "Class Members"), Defendant paid Plaintiff a piece rate without overtime pay.  That is, Defendant paid Plaintiff and the Class Members per patient visit but did not pay them overtime wages when they worked more than 40 hours in a workweek. Plaintiff and the Class Members do not qualify for any exemption under the FLSA.  Thus, Defendant have misclassified Plaintiff and the Class Members as exempt from overtime.

1

4. Defendant's compensation policies violate the FLSA which requires non-exempt employees, such as Plaintiff and the Class Members, be compensated at one and one-half times their rate of pay for all hours worked over forty (40) in a workweek. Defendant owes Plaintiff and the Class Members back pay, liquidated damages, attorneys' fees and court costs.

5. Defendant implemented the same pay policies for hundreds of other workers. Therefore, Plaintiff sues on behalf of herself and all other similarly situated employees pursuant to 29 U.S.C. § 216(b). She requests that the Court authorize a notice to be sent to all similarly situated employees so that they can be informed of this action and to apprise them of their right to join this lawsuit.

## II. SUBJECT MATTER JURISDICTION AND VENUE

6. This court has federal question jurisdiction over the subject matter of this action per 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant maintains offices in the district and Plaintiff worked in this district. Defendant has significant operations in the District, including maintaining offices in Bastrop, Travis, and Hays Counties.

## III. PARTIES AND PERSONAL JURISDICTION

8. Plaintiff Jessica Miller is an individual currently residing in Guadalupe County, Texas. Her written consent to this action is attached hereto as Exhibit "A."

9. The Class Members are all of Defendant's current and former Nurse Care Managers, and all other employees in substantially similar positions, that were not paid overtime

when they worked more than 40 hours during any workweek in the three year period prior to the filing of this lawsuit.

10. Defendant Res-Care, Inc. is a Kentucky corporation which conducts business in the State of Texas. Defendant maintains offices and does business within the Western District of Texas, and its registered agent for service of process in Texas is C T Corporation System, at 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

## IV. FLSA COVERAGE

11. At all material times, Defendant has been an employer within the meaning of the FLSA.  29 U.S.C. § 203(d).

12. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had and continues to have employees engaged in commerce or the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13. At all material times, Defendant has had an annual gross business volume in excess of the statutory standard of $500,000.

14. At all material times, Plaintiff and Class Members were/are employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

## V. FACTS

15. Defendant provide home healthcare services throughout the United States.

16. Plaintiff worked for Defendant as a Nurse Care Manager from approximately February 2014 to January 2017.

17.     Plaintiff was paid on a piece rate basis.  That is, she was paid a set amount per patient visit.

18.     Plaintiff is a licensed vocation nurse.

19.     Plaintiff regularly worked more than 40 hours in a workweek.

20.     However, Plaintiff was not paid any overtime when she worked more than 40 hours in a workweek.

21.     Like Plaintiff, the Class Members were paid on a piece rate basis.

22.     Like Plaintiff, the Class Members regularly worked more than 40 hours in a workweek.

23.     Like Plaintiff, the Class Members were not paid any overtime when they worked more than 40 hours in a workweek.

24.     Plaintiff's and the Class Members' primary duty was to serve as a liaison between the patient and the physician.  Their duties included scheduling appointments for patients, calling the fire department to fix smoke detectors, and answering basic questions for the patients.

25.     They did not provide any skilled care to the patients.

26.     Plaintiff and the Class Members drove to the different homes of the patients to perform their work for Defendant.

27.     However, Plaintiff and the Class Members were not reimbursed for their mileage, cell phone usage, computers, or uniforms.

28.     Plaintiff and the Class Members were not paid a salary but instead received an amount that varied each week depending upon the number of patients that they visited.

29.     Plaintiff and the Class Members were required to work more than 40 hours each week to perform the work that Defendant required.

30.     Defendant knew that Plaintiff and Class Members were working more than 40 hours each week because it tracked their time through their company software and through email usage.

31.     None of the FLSA exemptions are applicable to Plaintiff or the Class Members.

32.     Plaintiff and the Class Members do not supervise other employees or manage a customarily recognized department of Defendant' respective companies.

33.     Plaintiff and the Class Members have no authority to hire or fire other employees.

34.     Plaintiff and the Class Members do not exercise independent judgement and discretion with respect to matters of significance.  Instead, they provide basic care duties consistent with non-exempt workers.

35.     Despite these facts, Defendant misclassified Plaintiff and continue to misclassify the Class Members as exempt from overtime pay.

36.     Defendant knew, or showed reckless disregard for whether Plaintiff and the Class Members were entitled to overtime pay under the law.  In fact, Defendant knew the requirement to pay overtime to Plaintiff and Class Members but intentionally chose not to do so.

## VI.     COLLECTIVE ACTION ALLEGATIONS

37.     Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all Class Members employed by Defendant during any work week in the last three years.

38.     Plaintiff has actual knowledge, through her own work experience and through interaction with her fellow nurses, that a class of similarly situated workers exist who have been subjected to Defendant's policy of failing to pay overtime.

39.     Class Members are similarly situated to Plaintiff in that, at least during one work week in the relevant period, they worked overtime hours for Defendant without additional compensation being paid as required under the FLSA.

40.     Defendant's failure to pay overtime or the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on personal circumstances of individual Class Members.

41.     The experience of Plaintiff, with respect to her employment classification, duties, and pay, is typical of other nurses across Defendant's business.

42.     The specific job titles or precise job responsibilities of each Class Member does not foreclose collective treatment.

43.     Like Plaintiff, all Class Members are non-exempt workers entitled to receive overtime.

44.     The claims of all Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

45.     The names and addresses of the Class Members are available from Defendant's records.  To the extent required by law, notice will be provided to these individuals by first class mail, email, a court authorized website or by the use of techniques and a form of notice similar to those customarily used in representative actions.

46.     Although the exact amount of damages may vary among the individual Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

47.     The class of similarly situated employees is properly defined as follows:

**The Class Members are all Nurse Care Managers, and all other employees in substantially similar positions, who were classified as exempt from overtime during any workweek in the three years prior to the initiation of this lawsuit.**

## VII. CAUSE OF ACTION

### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
### (COLLECTIVE ACTION)

48.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

49.    This cause of action arises from Defendant's violation of the FLSA for the failure to pay Plaintiff and Class Members overtime.

50.    For each hour worked in excess of forty (40) each week, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rate of pay.  29 U.S.C. § 207.

51.    By failing to pay overtime based on that formula, Defendant has violated and continue to violate the FLSA.

52.    No exemption contained in the FLSA, its implementing regulations, or recognized by any court of the United States permits an employer in the position of Defendant to skirt its obligation to pay overtime to an employee similarly situated in the position of Plaintiff and Class Members.

53.    Defendant's failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA.  As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA.  29 U.S.C. § 255(a).

## VIII. WAGE DAMAGES SOUGHT PURSUANT TO 29 U.S.C. § 216(b)

54.     Plaintiff and Class Members are entitled to recover their unpaid overtime premiums for the three years preceding the filing of this complaint to the present.

55.     Plaintiff and Class Members are entitled to recover an equal amount of their unpaid overtime premiums as liquidated damages.

56.     Plaintiff is also entitled to recover her attorneys' fees and costs, as required by the FLSA.

## IX. JURY DEMAND

57.     Pursuant to her rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## X. PRAYER FOR RELIEF

58.     For these reasons, Plaintiff respectfully requests that judgment be entered in favor of herself and the Class Members, awarding them:

   a. Overtime compensation for all hours worked in excess of forty (40) hours per week at the rate of one and one-half times their regular rates of pay;

   b. An equal amount of their unpaid overtime premiums as liquidated damages, as allowed under the FLSA;

   c. Reasonable attorneys' fees, costs, interest, and expenses of this action as provided by the FLSA;

   d. Pre and post judgment interest, and

   e. Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: /s/ *Don J. Foty*
    Don J. Foty
    DFoty@kennedyhodges.com
    State Bar No. 24050022
    KENNEDY HODGES, L.L.P.
    4409 Montrose Blvd, Suite 200
    Houston, TX 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR
PLAINTIFF AND CLASS MEMBERS